## WARNER v. CITIZENS' BANK OF ANACORTES.*

Circuit Court of Appeals, Ninth Circuit. March 26, 1928.

No. 5308.

**1. Bankruptcy ⊜302(1)—Trustee's complaint in action to cancel chattel mortgage delivered within four months before bankruptcy held insufficient to state cause of action.**

Complaint in bankruptcy trustee's suit to cancel chattel mortgage on theory that, having been given to secure a pre-existing indebtedness, it ceased to be effective after filing of bankruptcy petition within four months after execution of mortgage, *held*, not to state facts sufficient to constitute a cause of action, in absence of description of property covered by mortgage, any allegation that bankrupt owned any property covered thereby when petition was filed or thereafter, or that trustee ever acquired title to or possession of such property.

**2. Bankruptcy ⊜185—Bankruptcy trustee held not entitled to cancellation of chattel mortgage covering property in which he never had nor claimed title or possession.**

Where, after partial administration of estate under assignment for benefit of creditors and assignee's sale of property free and clear of all liens except, possibly, a lease on premises covered by chattel mortgage in favor of bank, assignor was adjudged bankrupt, *held*, that, since bankruptcy trustee never had title or possession of property covered by mortgage and claimed no right or interest therein, he was not entitled to cancellation thereof on ground that, having been given to secure pre-existing indebtedness, it ceased to be effective after filing of bankruptcy petition within four months after execution of mortgage.

**3. Bankruptcy ⊜185—Chattel mortgage lienor could not be compelled to accept lien on other property of bankrupt in lieu of its lien on specific property.**

Chattel mortgage lienor could not without its consent be compelled to accept lien on proceeds of other property of bankrupt in lieu of its lien on specific property described in mortgage.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit by H. E. Warner, as trustee in bankruptcy of A. B. Campbell, bankrupt, against the Citizens' Bank of Anacortes. Decree for defendant (19 F.[2d] 947), and plaintiff appeals. Affirmed.

*Rehearing denied 26 F.(2d) 465.

Nelson R. Anderson, of Seattle, Wash., for appellant.

H. C. Barney, of Anacortes, Wash., and R. W. Greene, of Bellingham, Wash., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. [1] The appellant as trustee of the estate of A. B. Campbell, bankrupt, brought this suit for the cancellation of a chattel mortgage delivered to the appellee bank September 3, 1925, upon the theory that, having been given to secure a pre-existing indebtedness, it ceased to be effective after the filing of the petition in bankruptcy, which was within four months after the execution of the mortgage.

[2] We are of the opinion that the complaint fails to state facts sufficient to constitute a cause of action. There is no description, even of a general nature, of the property covered by the mortgage, nor any allegation that the bankrupt owned any property covered by it when the petition in bankruptcy was filed, or thereafter, or that the appellant, trustee, ever acquired title to or possession of any such property. And, upon a reference to the evidence, it appears that he must have advisedly refrained from alleging either title or possession. It seems that Campbell had been the owner of a bakery, and upon December 3, 1925, he made to the Seattle Merchants' Association for the benefit of all his creditors a common-law assignment thereof, including all supplies, equipment, furniture, bills and accounts receivable, cash, deposits, good will, and, in short, everything except possibly the lease upon the bakery building. This it turns out was the property which in part was covered by the mortgage. Anticipating the possibility of such an assignment, the association had previously interested one Beck in making a purchase of the business, and upon the day after the assignment accepted an offer from him of $6,764.67 for the entire property, $2,764.67 of which was to be paid in cash and the balance in twenty installments of $200 each. Accordingly the association executed a bill of sale conveying to him the property free from all liens, and gave him possession, which he has ever since maintained.

[3] Seemingly a dispute arose thereafter as to whether or not the appellee had agreed with the association to release its mortgage, but that is not thought to be presently material. It in fact declined to release it, and, upon its refusal, the association, representing the creditors, caused to be filed against Camp-

bell the involuntary petition in bankruptcy upon which he was adjudged a bankrupt. In due course a meeting of creditors was held, at which the appellant, who had been and still is the managing agent for the association, was elected trustee. The association has continued to retain possession of the money paid by Beck and of the notes and chattel mortgage executed by him covering the deferred installments, and has from time to time collected such installments. Upon certain conditions, including the reimbursement of certain expenses and protection to it on account of the conveyance to Beck of the property clear of incumbrances, it offered to turn over to the trustee the proceeds of the sale; but the referee declined to authorize acceptance upon the conditions named, and it still retains possession, with the approval of the creditors. The appellant does not challenge the validity of the sale to Beck, or his possession or right of possession. We therefore have a case where both under the pleadings and the evidence, a trustee in bankruptcy is seeking to have declared void a mortgage upon property to which he has neither legal nor beneficial title, and of which he never had possession and in which he claims no right or interest. The only property in which the trustee has any possible interest is the proceeds of the sale to Beck, of which it may be admitted Campbell was the beneficial owner when he was adjudged a bankrupt; but the bank makes no claim of lien upon or interest in it under its mortgage or otherwise; and, of course, without its consent it cannot be compelled to accept a lien thereon in lieu of its lien upon the specific property described in the mortgage. If by virtue of some agreement or estoppel in pais it should be held to have waived its mortgage lien, that is a matter between it and the association, with Beck possibly an interested third party. Clearly, it is not the subject-matter of this suit, nor is such a controversy of federal cognizance.

Accordingly, the judgment dismissing the bill is affirmed.