## In re LINDAHL.
### No. 367.

District Court, S. D. Texas, Brownsville Division.

May 10, 1932.

A. B. Crane, of Raymondville, Tex., for claimant, Raymondville State Bank.

C. M. Wunderman, of Brownsville, Tex., for trustee, C. E. Craig.

KENNERLY, District Judge.

This is a petition of the Raymondville State Bank of Raymondville, Tex., filed in this cause, to review an order of one of the referees in bankruptcy, holding invalid a mortgage lien claimed by the bank on land in Willacy county, Tex., to secure the bankrupt's indebtedness, evidenced by a promissory note, to the bank. Also the refusal of the referee to instruct the trustee to turn over such real estate to the bank in satisfaction of its indebtedness, upon the claim that the value of such real estate equals, or is less than, the amount of the debt owing to the bank.

The claim of the bank, setting up such indebtedness and lien, was duly presented to the referee, together with its petition to have such property turned over to it, etc. In a letter of the referee, dated May 6, 1932, which is treated as an additional certificate of facts, it is said: "The trustee refused to join in this petition and at a meeting of creditors, verbally contested the claim of Raymondville State Bank on the ground that he did not believe the bankrupt's alleged lien was a valid lien for the reason that same had not been recorded prior to four months before the filing of petition in bankruptcy."

The facts, as certified by the referee, are as follows:

"That a voluntary petition in bankruptcy of A. A. Lindahl, a resident of Raymondville, Texas, was filed in this court on the 30th day of March, 1931.

"That pursuant to said petition in bankruptcy and a general order of reference, the said A. A. Lindahl was, by an order entered herein on the 30th day of March, 1931, duly adjudged a bankrupt.

"That on the 11th day of April, 1931, the Raymondville State Bank duly made and filed its claim as a secured creditor herein, which claim is here referred to and made a part of this certificate.

"That on the 30 day of April, 1931, the said Raymondville State Bank filed herein its motion that the trustee herein do not take over the security given to secure the claim of said Raymondville State Bank as burdensome, which motion and claim, as a secured claim, the trustee opposed and resisted on the grounds that the Raymondville State Bank did not have a lien that was enforceable as against the general creditors of the estate which motion and claim came on for hearing the 29th day of December, 1931, and after hearing all of the evidence adduced, the arguments and considering the briefs of counsel, an order was entered by me as Referee, on the 18th day of January, 1932, determining all of the issues raised by the controversy in favor of the trustee and against the claimant, Raymondville State Bank, which order is here referred to and made a part of this certificate.

"The material facts developed in said hearing are as follows:

"A. That on the 3rd day of May, 1930, A. A. Lindahl was indebted to the Raymondville State Bank in the sum of $5970.00, and that on that date A. A. Lindahl, O. Lindahl and Miss H. L. Lindahl, the latter father and sister of Bankrupt, made a promissory note, payable to the Raymondville State Bank with 10% interest from date, and providing that 10% would be added to the note if it was placed in the hands of an Attorney.

"B. That on the 4th day of November, 1930, said note had become past due and was unpaid, and the Raymondville State Bank sued A. A. Lindahl and the other makers of the note.

"C. That on the 20th day of November, 1930, the Raymondville State Bank and A. A. Lindahl settled said law suit, by the said A. A. Lindahl, and his sister, and his father, making a new promissory note to the Raymondville State Bank for $6283.24 to cover indebtedness shown at (a), plus interest and Attorney's fees, and dated it November 20, 1930, to mature on or before March 20, 1931, providing for 10% interest from date, and 10% additional if the note was placed in an

Attorney's hands and on the same date debtors made and delivered to said Bank the deed of trust in controversy to secure said new note, covering the following described and other lands in Willacy County, Texas, to-wit: [Property here described.] The other lands are not in question in this controversy, in that they have been foreclosed either through the bankrupt court or otherwise and are not before the court for consideration.

"D. That said deed of trust was filed for record December 2, 1930, and was on the 4th day of December, 1930, recorded in Volume 6, page 63, of the Deed of Trust Records of Willacy County, Texas, all within the four month period from the recording of said deed of trust and the filing of the petition in bankruptcy. It is not contended that the Deed of Trust was withheld from Record with intent to defraud.

"That the Raymondville State Bank took timely exceptions to the order and action of the Referee, entered and taken January 18, 1932, entitling it to a review of the ruling of the Referee by the Court.

"On the 28th day of January, 1932, the Raymondville State Bank duly made and filed its exceptions to the order and rulings referred to in the next preceding paragraph, and its application for a review of the matter, which exceptions and application for review are here referred to and made a part of this certificate."

The conclusions of law reached by the referee are stated by him as follows:

"I hereby find the above described property is a portion of the bankruptcy estate herein, and is in the possession and under the control of the trustee herein, that the deed of trust upon which the Raymondville State Bank rests its claim as a secured creditor, herein was filed for record in the County Court of Willacy County, Texas, December 2nd, A. D. 1930, and the petition in bankruptcy herein was filed on the 30th day of March, A. D. 1931; that said claim of the Raymondville State Bank is not a valid secured claim as against the creditors of said estate; in that the lien claimed was nullified by the adjudication; and the filing of the petition in bankruptcy less than four months from the recording of said deed of trust; that the objections of the trustee are true; it is therefore my conclusions of law, and it is hereby

"Ordered, adjudged and decreed this 18th day of January, 1932, that the said objections of the trustee herein be, and they are hereby sustained and said claim as a secured claim is disallowed, said motion to abandon denied and the title to the above described property vests in C. E. Craig, as trustee, free and clear of any lien in favor of claimant and movant, Raymondville State Bank."

It will be observed that there is neither presented by the pleadings nor the evidence a question of a preference under section 96, title 11, USCA (section 60, Bankruptcy Act), nor of fraud or fraudulent conveyance or lien under section 107, title 11, USCA (section 67, Bankruptcy Act). There is no claim or finding of insolvency, either at the date of the mortgage or at the date of its record, and no claim or finding of fraud. There is a finding that there was no fraud in the failure to file the Mortgage for Record.

■ 1. The first inquiry is as to the rights of the mortgagee, the bankrupt, and his creditors, at and before the time of the filing of the petition in bankruptcy. Their rights are controlled by article 6627, Texas Revised Civil Statutes of 1925, reading as follows:

"Art. 6627. When sales, etc., to be void unless registered.—

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

This article has uniformly been construed to mean that only creditors who have fixed some character of lien against the property, prior to the filing of such mortgage for record, have rights superior to the mortgagee. Ayres v. Duprey, 27 Tex. 594, 86 Am. Dec. 657, and numerous cases which follow it. No creditor having so fixed such a lien, the mortgage is good as between the parties and as against the common creditors. And this is true, notwithstanding the fact that such mortgage was executed to secure a pre-existing debt.

■ 2. The next question is what change, if any, was brought about in the legal status

of the parties by the filing of the petition in bankruptcy. It is settled that prior to the amendment of 1910 to section 47a of the Bankruptcy Act, section 75 (a), title 11, USCA, the trustee in bankruptcy would not have had any greater right in the property than common creditors. York Manufacturing Co. v. Cassell, 201 U. S. 345, 26 S. Ct. 481, 50 L. Ed. 783. It is settled also that, under such amendment, the rights of the trustee became fixed as of date of the filing of the petition in bankruptcy, and that if, as in this case, the mortgage is recorded prior to the filing of the petition in bankruptcy, the rights of the mortgagee are not subordinated to the subsequently attaching right of the trustee. Bonner v. Bank (C. C. A.) 248 F. 692; Martin v. Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 443; Martin v. Bank (C. C. A.) 228 F. 652.

3. The remaining question is whether the fact that the mortgage was executed to secure a pre-existing debt would serve to subordinate the rights of the mortgagee to the rights of the trustee. The trustee might have, as of, and after, the date of the filing of the petition in bankruptcy, moved by filing appropriate pleadings to set aside the mortgage as a preference, under section 96, title 11, USCA (section 60 of Bankruptcy Act). This was not done, and there is no evidence of the insolvency of the bankrupt at the date of the mortgage, nor at the date of its record, nor of the existence of other facts which would constitute it a preference. Likewise, the trustee might have attacked the mortgage as executed by the bankrupt with the intent and purpose to hinder, delay, or defraud his creditors under section 107 of title 11, USCA (section 67, Bankruptcy Act). This was not done, and there is no evidence of any fraud or bad faith in connection with the mortgage.

The mortgage, not having been thus attacked, and being valid, as stated, under the state law, must be upheld as valid here. Martin v. Bank, supra. Corpus Juris, Vol. 7, paragraph 287.

4. The bank also insists that the value of the property is less than, or does not exceed, the amount of its indebtedness, and that the trustee should surrender the property to the bank, etc. The findings of the referee do not cover the question. I express no opinion thereon.

The order of the referee will be reversed, and the matter sent back to him, with directions to recognize and allow the claim of the bank, as secured by such mortgage, and to then determine the procedure to be followed to subject the property covered by such mortgage to the claim of the bank.

Let a decree be drawn accordingly.