**In the Matter of NORTHERN STEEL CORPORATION, Bankrupt.**

**No. 68951.**

United States District Court
N. D. Ohio, E. D.
Jan. 18, 1956.

Ralph H. Coleman, Trustee, Cleveland, Ohio.

Hugh Wells, Henry B. Johnson, Cleveland, Ohio, and Benjamin Jaffe, Detroit, Mich., for Trustee.

Louis F. Davis, Detroit, Mich., Trustee of Northern Electric Steel Corp.

Weiswasser, Jaffe & Radner, Detroit, Mich., Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, Ohio, for Davis, Trustee.

JONES, Chief Judge.

On December 7, 1954, petitioner herein, the Luria Steel & Trading Corporation, filed a claim against bankrupt in the amount of $72,745.90. Its claim was objected to, in part, as not having been filed within six months after the first meeting of creditors (April 7, 1952) as provided in Section 57, sub. n of the Bankruptcy Act, as amended July 7, 1952, 11 U.S.C.A. § 93, sub. n.

On September 26, 1955, the Referee found that Luria's claim had not been filed within the prescribed time, and disallowed it.

While it might be that Northern Steel, bankrupt herein, included Luria's claim in the schedule filed with its petition, still it was Luria's responsibility to act promptly in presenting its claim to this court. The Referee has found that it did not act within the time demanded by statute and that there were no extenuating circumstances present to suspend the timeliness required.

Petitioner contends that the denial of its claim is inequitable. Such a contention ignores the fact that the application of equity comprehends the adherence by all parties to established rules of conduct—procedural and otherwise. The claim filing statute is to be strictly construed.

It seems unnecessary to say more than a few words in regard to petitioner's objection to the Referee's reopening of the case to receive the trustee's objection to Luria's claim. The Referee in Bankruptcy is clothed with equitable powers and his discretion in exercising said powers will be condemned or condoned when measured by the fairness and interest in justice with which he acted. Here, the Referee re-opened the proceedings to receive additional objections by all parties. Counsel for Luria then had an opportunity to object. He did not. Thus, there is nothing to indicate that the Referee acted contrary to the best interests of any party, and therefore his action was a valid exercise of his equitable powers.

Accordingly, the Referee's findings of fact and conclusions of law appearing reasonable and based upon the applicable law, the petition for review will be denied and the Referee's order disallowing petitioner's claim approved and confirmed.