Elizabeth CARTER et al., Appellants,

v.

STRAUS–FRANK COMPANY, Appellee.

No. 6924.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 6, 1956.

Rehearing Denied Dec. 27, 1956.

DeLange, Hudspeth & Pitman, Sam W. Mintz, Houston, for appellants.

H. A. Crawford, Houston, for appellee.

DAVIS, Justice.

On December 31, 1953, Elizabeth Carter, a feme sole, was the fee owner of Lot 12, Block 4, Woodland Hollow Add., Sec. 1, Harris County, Texas. On said date, she entered into a mechanic's and materialman's lien contract with Chuck Irwin Building Corp'n, hereinafter referred to as contractor, for the construction of a residence, which mechanic's and materialman's lien contract provided for installation of year-round heating and air conditioning. She executed her promissory note in the sum of $24,400 in consideration of the construction of said residence. The mechanic's and materialman's lien included the lot as well as the building, and the mechanic's and materialman's lien was filed for record on February 23, 1954, in the office of the County Clerk of Harris County. On January 19, 1954, the contractor entered into a contract with Straus-Frank Company, a corporation, to install the foregoing year-round air conditioning system in the residence being constructed for Elizabeth Carter, and on said date the contractor executed a chattel mortgage lien upon such air conditioning system in favor of Straus-Frank Company in the principal sum of $3,130.15. The contract and chattel mortgage recited that the "summer and winter air conditioning system" was to be installed in the residence of Elizabeth Carter and described her lot. This air conditioning system necessitated the construction of insulated ducts throughout the house with appropriate openings in different rooms of the house

according to architectural and engineering specifications. The contract between Elizabeth Carter and the contractor provided for a special room for the "summer and winter air conditioning" unit to be installed. The chattel mortgage from the contractor to Straus-Frank Company was labeled "liens on machinery situated on realty." It was not filed for record until June 4, 1954. On June 7, 1954, Straus-Frank Company completed installation of the summer and winter air conditioning system. On June 11, 1954, Chuck Irwin, President of the contracting corporation, executed an affidavit that all bills for materials and labor in construction of the Elizabeth Carter residence had been paid. At that time, Elizabeth Carter had paid to the contractor a substantial amount on her contract and note, and on said date (June 11, 1954) the contractor assigned its contract and note to Holland Mortgage & Investment Corp'n, and Elizabeth Carter executed her deed of trust and note in the sum of $12,000 to pay the balance supposedly due on the original note, and closing costs. The payments to the contractor and the deed of trust note actually resulted in a substantial over-payment to the contractor, but we are not concerned with the over-payment in this suit. On June 15, 1954, Holland Mortgage & Investment Corp'n assigned the aforementioned $12,000 note and deed of trust to American United Life Insurance Company and the assignment was filed for record in the office of the County Clerk of Harris County on July 7, 1954. Subsequent to the final completion of the installation of the air conditioning system, Elizabeth Carter purchased a service policy from the Straus-Frank Company and paid the usual and customary price for such policy. This policy was purchased in September, 1954. Subsequent to her purchase of the policy and within the same month, Straus-Frank Company notified Elizabeth Carter that her air conditioning system had not been paid for, and demanded payment or possession of the property. At no time did Elizabeth Carter, Holland Mortgage & Investment Corp'n, or American United Life Insur-

ance Company have any notice of the allege chattel mortgage until September, 1954, after the issuance of the service policy. The Straus-Frank Company had actual notice that the air conditioning system had been sold by the contractor (mortgagor) to, and installed in the residence of, Elizabeth Carter because the contract and chattel mortgage listed the situation of the property as the residence of Elizabeth Carter and upon her lot to which she held title; and, its agents, servants and employees actually installed such system in the residence upon the property of Elizabeth Carter.

Elizabeth Carter and American United Life Insurance Company refused payment of the balance due upon the chattel mortgage (a $1,000 payment having theretofore been made by the contractor), or to surrender the property, and Straus-Frank Company sued the contractor as principal mortgagor and obligor and also sued Elizabeth Carter and American United Life Insurance Company for foreclosure of its lien against certain parts of the summer and winter air conditioning system. The issues were joined; the case was tried before the court without a jury; and judgment was rendered against the contractor for the balance due on the chattel mortgage contract, plus interest and attorney's fees, and foreclosing the lien on one air conditioning unit, one heating unit, one cooling tower, one thermostat, and one water pump. It was the contention of the Straus-Frank Company that these parts of the system could be removed from the property of Elizabeth Carter without material damage thereto or without appreciable depreciation of the value of the property, and that the mortgage was taken and such foreclosure was provided for by Article 5498, Vernon's Ann.Tex.Civ.St. Elizabeth Carter and American United Life Insurance Company have appealed.

All the facts above stated are conclusively shown by the record. The trial court filed findings of fact, and where he failed to find as above stated, appellants re-

quested such finding and took exceptions to his refusal to do so. We find the facts to be as hereinabove stated.

By their first group of five points, appellants complain of the action of the trial court in rendering judgment for foreclosure of the chattel mortgage lien because: (1) The air conditioning system had been incorporated into the realty of Elizabeth Carter and could not be removed without material injury thereto; (2) Elizabeth Carter was the owner of the realty upon which the air conditioning system was placed; (3) she was not a party to the chattel mortgage and did not consent thereto; (4) she was a purchaser for value without notice; and (5) the provisions of Article 5498 did not apply so as to create a lien in favor of a sub-contractor.

We have been unable to find any case in the books directly in point, and appellee concedes that it has been unable to find one. We are first met with the challenge of whether or not the air conditioning system as contracted for by Elizabeth Carter constitutes: (1) A single unit; and (2) an integral part of the home. Then we are met with the criterion that has been set to determine whether or not a chattel has become an immovable fixture. This criterion was stated in Hutchins v. Masterson, 46 Tex. 551, and so far as we are able to find, has been consistently followed. It is:

"1st. Has there been a real or constructive annexation of the article in question to the realty?

"2nd. Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected?

"3rd. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?—this intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and the purpose or use for which the annexation is made.

"And of these three tests, pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence as to this intention."

We have concluded that the summer and winter air conditioning system under the peculiar facts in this case must be considered as a single unit, because it was so treated as such by Elizabeth Carter, the contractor and the appellee; this, even though appellee listed the various items necessary to make up the system. An automobile is always considered as one unit, although it is constructed of multiple parts. They are constructed together for a singular purpose. This air conditioning system was constructed for a singular purpose: to provide year-round air conditioning for this home. Each part is essential to the operation of the system. We hold that the system is an integral part of the home; because: (1) The home and the air conditioning system were designed together; (2) heat in the winter and cool air in the summer are necessary to the health and comfort of the occupant; (3) there has been a real and constructive annexation of the system to the realty; (4) there is a fitness and adaptation of the system to the uses and purposes of the realty with which it is connected; and (5) it was definitely and positively the intention of Elizabeth Carter that the air conditioning system should be annexed and become a permanent part of her home. The findings not only fulfill the basic criterion, but add two other reasons why we think the trial court erred in its judgment. Having concluded that the appellee knew and consented to the resale of the chattels, it waived its lien and is estopped to assert the same against appellants. All the authority necessary to support this holding can be found in Coleman Production Credit Ass'n, Inc., v. Mahan, Tex.Civ.

App., 168 S.W.2d 903, no writ history, and the numerous authorities cited therein. See also 9 Tex.Jur. 182, Sec. 78, and authorities collated thereunder, including the 10-year supplement; First National Bank of Paris v. Lyon-Gray Lumber Co., Tex. Civ.App., 194 S.W. 1146, affirmed 110 Tex. 162, 217 S.W. 133. In addition to our above findings, we also find that this system required some special construction of the building and we think the holding in the case of 900 Main, Inc., v. City of Houston, Tex.Civ.App., 150 S.W.2d 468, error dism., judgm. correct, is applicable to this case.

We do not pass upon whether or not it was necessary for appellant Elizabeth Carter to consent to the chattel mortgage or that Article 5498 requires such consent, because appellee takes the position in its brief that "Art. 5498 is inapplicable" because the trial court found that the property involved remained personalty under the provisions of the chattel mortgage. We will say this, however, that it is extremely poor business judgment for any one to install such equipment upon the realty of a third person without the consent of, or at least notice to, the owner and it would be better practice to secure the chattel mortgage from the owner. There was no effort to impress an involuntary mechanic's and materialman's lien upon the property as authorized by law.

There is no contention by the appellee that conversion or wrongful possession is involved in this suit. It does not contend that Elizabeth Carter was negligent in failing to learn of the chattel mortgage. Having concluded that the system must be considered as a single unit it is not necessary to discuss the question of whether or not the system could be removed without material damage to the residence. It is admitted in the record that all the ducts, etc., could not be removed without damage to the property. Much argument is made by appellee about how the items foreclosed upon could be removed from the property without material damage to same. We are not impressed by this contention because a special room was built to house a part of the system upon which foreclosure was sought, and whether it was necessary to tear away a part of it or not, the room would be useless without the unit. Then, so would the ducts. And, no other provision being made in the construction of the house for heating and cooling, the home could not be used without it. Points 1 through 5 are sustained.

In view of the conclusion reached, we do not find it necessary to pass upon appellants' other points, which we find to be without merit, and they are respectfully overruled.

For the errors hereinabove pointed out, the judgment of the trial court foreclosing the chattel mortgage lien is reversed and judgment is here rendered denying such foreclosure. If such is necessary to the preservation of appellees' judgment against Chuck Irwin Construction Corporation for its debt, interest, and attorney's fees, such judgment is affirmed.

Reversed and rendered in part and in part affirmed.