**In the Matter of John RIORDAN,
Bankrupt.**

No. 1678–63.

United States District Court
E. D. Texas,
Beaumont Division.

Feb. 3, 1965.

James S. Fuller, Port Arthur, Tex., for debtor and bankrupt.

Long & Parker, Port Arthur, Tex., for Gulf Port Arthur Credit Union, mortgagee.

Carruth & Gray, Port Arthur, Tex., for A. E. Rosenthal & Mary J. Rosenthal, unsecured claimant.

FISHER, District Judge.

This is an appeal by mortgagee, Gulf Port Arthur Credit Union, from ruling by Referee that no lien existed. On November 1, 1957, the unsecured claimant herein, A. E. Rosenthal (in whose favor the Referee decided) executed a

promissory note and chattel mortgage on certain cafeteria fixtures and equipment to the Appellant, Gulf Port Arthur Credit Union. This mortgage carefully itemized the equipment and was duly recorded, but did not state where the equipment was located. On January 22, 1962, a release was executed by Gulf Port Arthur Credit Union as to only one air conditioner and one gas dryer and specified their location.

On February 14, 1963, Rosenthal executed a bill of sale to John Riordan of itemized cafeteria equipment. No recitation was made of either the location or whether it was subject to the mortgage. Riordan defaulted in payments, and on June 10, 1963, Rosenthal filed suit in state court to set aside the sale. That case is still pending.

On July 15, 1963, Riordan filed a petition in voluntary bankruptcy, and both Rosenthal and Gulf Port Arthur Credit Union duly filed proofs of claims.

The Referee found that no lien existed under the November 1, 1957, mortgage to Gulf Port Arthur Credit Union and concluded that Riordan was not a debtor of the Gulf Port Arthur Credit Union and that such claim asserted should be disallowed.

The appellant cannot overcome the insurmountable objection presented by Art. 5498, Texas Vernon's Ann.Civ.St. This article provides that fixtures on real estate having lien or mortgage thereon describing the same as well *as the real estate on which located*, when the same is recorded, such registration "shall be notice to all persons thereafter dealing with or acquiring any right or interest in said * * * article * * * of all the rights of the owners or holders of the indebtedness secured by said instrument." (emphasis supplied).

■ The landmark case of Schumann v. Jenkins, 40 S.W.2d 214 (Tex. Civ.App.1931, writ ref.) defines a "fixture" as something intended to be a permanent accession to the realty. It also spells out the three requirements to establish a lien on a fixture: (a) description of the real estate, (b) description of the chattel, and (c) recitation on the back of the instrument that a lien is claimed on the chattel so attached. Hence, appellant has lost in the vital first step by failing to describe the realty on which the chattels are located.

■■ Had a lien existed, the trustee would not and could not have challenged its validity. Warner v. Citizens' Bank of Anacortes, 25 F.2d 21 (9th Cir.1928, rehg. den., 26 F.2d 465); In re Sachs, 30 F.2d 510 (4th Cir.1929, further proceedings in 31 F.2d 799); In re American Motor Products Corp., 98 F.2d 774 (2d Cir.1938); In re Lindahl, 59 F.2d 91 (S.D.Tex.1932); In re Vanity Fair Slippers, 4 F.Supp. 83 (S.D.N.Y.1933); Russell v. Adams, 293 S.W. 264 (Tex. Civ.App.1927), affd. 299 S.W. 889 (Tex. Comm.App.1927). Description of the real estate is a condition precedent to establishment of the lien: Texas Power & Light Co. v. Malone, 42 S.W.2d 845 (Tex.Civ.App.1931, writ dism.); and numerous authorities cited in 11 U.S. C.A. § 107, note 69, p. 356.

■■ Gulf Port Arthur Credit Union contends that bankrupt Riordan assumed the indebtedness secured by the mortgage, but Riordan disavowed purchasing the property and assuming the indebtedness, and the law is well settled that one not expressly assuming such could not be held liable personally, Garza v. Hammond, 39 S.W. 610 (Tex.Civ. App.1897, writ ref.) Therefore, the Referee in Bankruptcy was correct in concluding that John Riordan was not a debtor of the Gulf Port Arthur Credit Union and that the claim filed by such creditor should be disallowed.

■ While the District Court is not bound by the Substantial Evidence Rule with regard to the referee's findings, In re Duval, 103 F.2d 643 (7th Cir.1939), such findings must be clearly erroneous, to be disturbed, Equitable Life Assurance Society v. Deutschle, 132 F.2d 525 (8th Cir.1942); 11 U.S.C.A. § 67, pp. 262–265; In re Pringle Engineer-

ing & Mfg. Co., 164 F.2d 299 (7th Cir. 1947); Washington v. Houston Lumber Co., 310 F.2d 881 (10th Cir.1962); Sulmeyer v. Pfohlman, 329 F.2d 915 (9th Cir.1964). The Referee has heard the conflicting evidence involving questions of credibility and observed the demeanor of the witnesses. Accordingly, great weight attaches to his conclusions, which should not be disturbed unless manifestly unsupported by evidence. The Referee is clothed with equitable powers, and his discretion in exercising them will be condemned or condoned when measured by the fairness and interest in justice with which he has acted. In re Northern Steel Corp., 137 F.Supp. 710 (N.D.Ohio 1956). It cannot be said that he has acted unfairly here.

The Referee is affirmed.