**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-50833
Summary Calendar

---

IN THE MATTER OF: LINDA M. CAMARENO,

                                        Debtor.

WORRY FREE SERVICES, INC,

                                        Appellant,

                    versus

LINDA M CAMARENO,

                                        Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CV-198
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Worry Free Services, Inc., appeals from a bankruptcy court's order granting Camareno's motion to avoid Worry Free's lien, and the district court's subsequent affirmance. Worry Free asserted to the courts below that the air conditioning and heating system ("the system") sold to Camareno and installed in her home was personalty, as opposed to a fixture, making its UCC-1 financing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statement filed with Texas's Secretary of State sufficient to qualify Worry Free as a secured creditor. The district court found that the system was a fixture subject to Chapter 53 of the Texas Property Code and that Worry Free's UCC-1 filing was insufficient. Worry Free contends on appeal that the courts below clearly erred in finding the system to be a fixture and in applying Chapter 53 of Texas's Property Code. We disagree and affirm.

We review the lower court's findings of fact for clear error.[1] A court's findings of fact are clearly erroneous when they are "implausible based upon the entirety of the record or the reviewing court is left with the definite and firm conviction that a mistake has been committed."[2] We review the lower court's legal conclusions de novo.[3]

The lower courts did not clearly err by concluding that the system was a fixture. Section 9.313 provides that "goods are 'fixtures' when they become so related to particular real estate that an interest in them arises under the real estate law of the state."[4] The Texas Supreme Court explained that,

---

[1] *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

[2] *N.A.A.C.P. v. Fordice*, 252 F.3d 361, 365 (5th Cir. 2001) (internal quotation marks omitted).

[3] *Kona*, 225 F.3d at 601.

[4] Tex. Bus. & Com. Code § 9.313(a)(1).

> [w]hether a chattel attached to permanent improvements has become a part thereof depends on the intention with which the fixture is annexed or put into position, and this intention is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation and the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose or use for which the annexation is made.

Given that the system was installed in Camareno's home, could not easily be removed, and that reasonable buyers and sellers of the system would expect it to be a permanent improvement to the house, we find no clear error in categorizing the system as a fixture.[5]

Given that the system was a fixture incorporated into Camareno's home, Worry Free was required to proceed under Chapter 53 of Texas's Property Code. The Uniform Commercial Code ("UCC") applies, except as otherwise provided, to "a transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures."[6] Section 9.104 describes which transactions are excluded from Article 9's reach, and the relevant exclusion here provides that the chapter does not apply "to a lien given by statute or other rule of law for

---

[5] *See, e.g., Carter v. Straus-Frank Co.*, 297 S.W.2d 195, 197 (Tex. Civ. App.–Texarkana 1956, no writ) (finding an installed air conditioning system to be a fixture).

[6] Tex. Bus. & Com. Code § 9.102(a)(1). The transaction at issue occurred before the new version of the UCC took effect, and the parties agree that the former version applies to this case. All references and citations are to the former Article 9.

services or materials."[7]  Chapter 53 of the Texas Property Code is one such statute; it governs mechanic's, contractor's, or materialmen's liens, and provides that a person is entitled to a lien if he furnishes materials for construction or repair of a house, building or improvement.[8]  "Material" is defined as "the material, machinery, fixtures, or tools incorporated into the work."[9]  To claim a lien under Chapter 53, a person "must file an affidavit with the county clerk of the county in which the property is located," and the affidavit must contain specific information.[10]  Worry Free did not follow these procedures and therefore cannot claim secured status.

Worry Free asserts that its failure to make a fixture filing is not fatal because it has a contractual security interest in the system, and Article 9 states that "this Chapter applies to security interests created by contract."[11]  Therefore, Worry Free contends that its contractual security interest is valid despite its lack of any fixture filing under Chapter 53 or Article 9.

This argument ignores the mandate of Article 9 and Chapter 53.  In addition to requiring fixture filings to describe the property and be filed in the County Clerk's office of the country

---

[7] *Id.* at § 9.104(3).

[8] Tex. Prop. Code § 53.021(a)(1)(A).

[9] *Id.* at § 53.001(4)(A).

[10] *Id.* at §§ 53.052(a), 53.054(a)(1)-(7).

[11] Tex. Bus. & Com. Code § 9.102(b).

where a mortgage of the property would be filed, Article 9 specifically excludes from its coverage liens "given by statute or other rule of law for services or materials."[12]  Here, the lower courts found the system to be a fixture incorporated into Camareno's home; as such, it falls within Chapter 53's coverage and Worry Free was required to follow its mandate.[13]  It did not do so, and now has no basis for secured creditor status.

Finally, Worry Free asserts that the lower courts erred in finding that it held no constitutional lien.  This argument was not properly presented to the bankruptcy court, and we may not consider it on appeal.[14]

AFFIRMED.

---

[12] *Id*. at § 9.104(3).

[13] *Schumann v. Jenkins*, 40 S.W.2d 214, 214 (Tex. Civ. App.–San Antonio, writ ref.); *In re Riordan*, 238 F.Supp. 5, 6 (E.D. Tex. 1965).

[14] *In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001).