## SCHUMANN v. JENKINS et al.
### No. 8625.

Court of Civil Appeals of Texas. San Antonio. May 20, 1931.

Rehearing Denied June 24, 1931.

John C. Hoyo and Lewis E. Bartlett, both of San Antonio, and O. E. Threlkeld, of Seguin, for appellant.

Church & Graves, Meritt Steger, and Douglas N. Lawley, all of San Antonio, for appellees.

FLY, C. J.

This appeal involves one point: Was a certain electrical machine attached to the realty in such a manner as in law to become a part thereof?

This suit was based on a promissory note executed by Mrs. John L. Jenkins for $620, in payment for a Westinghouse farm light plant, which was secured by a chattel mortgage on such plant.

There is no statement of facts, and the findings of fact of the trial judge must necessarily be accepted by this court as true. The conclusions of the trial judge show that the lighting plant was purchased by Mrs. Jenkins from appellant, and she gave him a mortgage on the machinery to secure the payment of her note. There was nothing to indicate the location or description of the real estate on which the same was to be placed. The mortgage does not disclose where Mrs. Jenkins lived, nor where her real estate was situated, if she owned any realty. Mrs. Annie E. Chittim was an innocent purchaser for value of certain real estate, together with all improvements thereon, without notice of the claim of appellant to the lighting machine or plant.

It is provided in article 5498, Revised Statutes, that in order to fix a lien on machinery or other property attached to real estate it is necessary for the mortgage to describe the real estate to which the chattel is attached as well as the chattel itself, and to recite on the back of the instrument that a lien was claimed on a chattel so attached. That article was not complied with. If attached to the realty, no lien arose by reason of the chattel mortgage, and Mrs. Chittim was an innocent purchaser.

We adopt the following findings of fact, as to the attachment of the property to the real estate: "That said Westinghouse farm light plant consists of a combination gasoline engine and an electric generator, cable from generator to batteries, and storage batteries; that, to properly house said plant, defendant Mrs. Jenkins caused to be constructed a small wooden frame house about nine feet square, and built therein a reinforced concrete floor with a specially constructed raised base about two feet high and eighteen inches square at the top, from the top of which base protruded three bolts for the bolting of said gas engine generator to said base; that said engine and generator were firmly fastened to said base by means of three bolts; that there was built into said concrete floor and said base a metal conduit to carry the cable from the generator through the base and under the floor to the batteries; that said cable connected with said batteries and said batteries were connected by wire with the house and other buildings on said premises; that said concrete floor and base were constructed at the suggestion and with the knowledge of plaintiff, who installed said plant; that said lighting plant weighs approximately three hundred pounds; that said plant, sold by plaintiff to the defendant Mrs. John L. Jenkins, became a fixture and a part of the realty."

A fixture has been defined, in the case of Hutchins v. Masterson, 46 Tex. 554, 26 Am. Rep. 286, as follows:

"The weight of the modern authorities establishes the doctrine that the true criterion for determining whether a chattel has become an immovable fixture, consists in the united application of the following tests:

"1st. Has there been a real or constructive annexation of the article in question to the realty?

"2d. Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected?

"3d. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?—this intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and purpose or use for which the annexation is made.

"And of these three tests pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence as to this intention." See Moody v. Aiken, 50 Tex. 74; Willis & Bro. v. Morris, 66 Tex. 628, 1 S. W. 799, 59 Am. Rep. 634.

That definition has been adopted in a number of Texas decisions, among the number being Jones v. Bull, 85 Tex. 136, 19 S. W. 1031, which sustains the view taken by the trial judge, that the plant was a fixture. We think the tests applied in the two cases last cited were fully met by the facts in this case.

The judgment is affirmed.