# MARCH, 1934

L. H. GROSS, RECEIVER, v. HONORABLE CLAUDE M. McCALLUM, DISTRICT JUDGE, ET AL.

No. 6353.   Decided March 14, 1934.

(69 S. W., 2d Series, 46.)

*Boone, Raymer & Davis* and *Felix A. Raymer,* all of Corpus Christi, for relator.

Jurisdiction of the custody and possession of the property in question having attached upon the filing of the suit in Nueces County, such jurisdiction over the corpus of the property could not be taken away or arrested by the subsequent proceedings in the Dallas Court. Bonner v. Hearne, 75 Texas, 242, 12 S. W., 38; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Duncan v. National Fire Ins. Co., 4 S. W. (2d) 278; LaRue Holding Co. v. Essex, 45 S. W. (2d) 319.

*James A. Kilgore, Renfro, Ledbetter & McCombs,* all of Dallas, and *Tom P. Scott* and *W. V. Dunnam,* both of Waco, for respondents.

The District Court of Dallas County had jurisdiction of the foreclosure suit and the parties thereto, including L. H. Gross, the managing receiver, and was authorized by Articles 2310 and 2293 of the Revised Civil Statutes to appoint its own receiver to take charge of the mortgaged security and require surrender of such mortgage security by L. H. Gross, managing receiver, to the receiver appointed by it.

DeBerrera v. Frost, 77 S. W., 637; Cotulla v. American Freehold Land Mort. Co., 86 S. W., 339; Temple State Bank v. Mansfield, 215 S. W., 154; Richardson v. McCloskey, 228 S. W., 323.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The relator, L. H. Gross, has applied to the Supreme Court for the writ of prohibition against the Honorable Claude M. McCallum, Judge of the 101st District Court of Dallas County, and the plaintiff in a certain suit pending in said court, to stop further proceeding in the last mentioned suit. The ground alleged for the issuance of the writ of prohibition sought is, to the effect that, at the instance of the plaintiff in the suit pending in said district court at Dallas, the judge of said court has appointed a receiver to take from the possession of the relator a certain farm in McLennan County, belonging to the estate of F. M. Porterfield, deceased. The suit at Dallas is for

the foreclosure of a mortgage on said land, brought by the plaintiff therein against numerous defendants, including relator, as receiver aforesaid, and O. R. Porterfield, independent executor of the estate of F. M. Porterfield, deceased. It is alleged by the relator that a short time prior to the commencement of the suit at Dallas, the District Court of Nueces County, in a suit filed in the last mentioned court, styled O. R. Porterfield et al v. Florence A. Porterfield, et al, had appointed the relator as receiver to take possession, management and control of all the property belonging to the estate of F. M. Porterfield, deceased, including said farm. The relator claims that the farm being in the custody of the Nueces County District Court, through the relator as receiver, the District Court of Dallas County does not have jurisdiction to dispossess the relator. This calls for an examination of the relator's petition for the purpose of ascertaining whether or not same shows that the District Court of Nueces County had jurisdiction to appoint a receiver as was attempted. In this respect the relator's petition is ambiguous. It is by no means clear from the averments of the petition, and the exhibits attached thereto, that the real object of the suit of O. R. Porterfield et al v. Florence A. Porterfield et al is not to have the estate of F. M. Porterfield, deceased, administered by the district court through a receiver. It appears that O. R. Porterfield, prior to the commencement of said suit in the District Court of Nueces County, was the duly appointed and acting independent executor of the will of F. M. Porterfield, deceased. The relator's petition does not disclose that said O. R. Porterfield has fully performed the trust or that he has been discharged therefrom as the statutes prescribe. R. S. Art. 3470; Roy v. Whitaker, 92 Texas, 346. In no event would said district court have jurisdiction to discharge the latter from the performance of his duties as independent executor and appoint an administrator in his place, in the guise of a receiver.

Because the relator's petition does not clearly show that the District Court of Nueces County has jurisdiction in the premises, if for no other reason, the petition for the writ of prohibition should be dismissed, and we so recommend.

The opinion of the Commission of Appeals is adopted, and the petition for writ of prohibition is dismissed.

C. M. CURETON, Chief Justice.