EX PARTE WALTER BRITTON.

No. 7020.   Decided March 18, 1936.
(92 S. W., 2d Series, 224.)

C. E. *Mason* and *Geo. W. Barcus,* both of Waco, for relator.

It appearing that Walter Britton was not a party to the litigation in Dallas County, the trial judge had no jurisdiction over him and could not by summary process require him to deliver any property to the receiver. Neither did the petition asking the court to hold said Britton for contempt state any cause of action, and said commitment of contempt was void. Ex parts Coffee, 161 S. W., 975; Surginer v. Murray, 67 S. W. (2d) 449.

*Renfro, McCombs & Kilgore,* and *Harry T. Johnson,* all of Dallas, for respondent.

MR. JUSTICE SHARP delivered the opinion of the court.

Relator, Walter Britton, was found guilty of contempt of the court for refusing to pay certain rents to the receiver appointed by the District Court for the 101st Judicial District of Dallas, County, and a commitment was issued directing that Britton be taken into custody by the sheriff of Dallas County and held for three days, and, in addition thereto, held until he paid a fine of $100.00 and the rents of $256.55 and all costs. He seeks by original habeas corpus proceedings release from such commitment. This writ was issued on the application of relator.

In 1932 the Dallas Joint Stock Land Bank filed suit in the 101st District Court in Dallas County against Florence Porterfield et al., seeking to foreclose a deed of trust on about 600 acres of land in McLennan County. T. M. Dillard was appointed receiver on October 12, 1934. Walter Britton was not a party to that suit. On January 5, 1935, the Dallas Joint Stock Land Bank filed a petition asking the trial court to cite Walter Britton, Monroe Rutherford, Frank Porterfield, Henry M. Porterfield, and D. B. Gilmore to appear before the court and show cause why they should not be punished for contempt for interfering with the receiver in handling the land, and because they had refused to turn over to the receiver certain rents. On January 12, 1935, a hearing was had, and the court found Britton and some of the others not guilty of contempt. On February 1, 1935, the Dallas Joint Stock Land Bank filed another petition, asking that Britton and other parties be cited to show cause why they should not be punished for contempt. It was alleged that Britton was not a party to the suit, and that he had paid the rents to D. B. Gilmore, instead of to the receiver, Dillard. This matter was heard on March 9, 1935, and the court found that Britton was indebted to the receiver in rents to the amount of $226.55, and recited that Britton was in contempt of the court, and unless he paid the rents to the receiver by April 9, 1935, he would be punished for contempt. Without further notice to Britton, the court on November 5, 1935, entered an order to the effect that it had ascertained that Britton had not paid the rents to the receiver, and that it, therefore, adjudged him in contempt of court, and issued a commitment directing that Britton be taken into custody and held as aforesaid. The commitment was issued, and Britton was taken into custody and confined in the jail in Dallas County.

It further appears that prior to the time the receiver was appointed by the District Court of Dallas County, the District Court of the 117th Judicial District of Nueces County had appointed L. H. Gross, a receiver, to take charge of the Porterfield estate. Under this receiver the land was rented. Britton rented part of the land from D. B. Gilmore, who was an agent of the receiver appointed by the District Court of Nueces County. He agreed to pay the usual one-fourth cotton rent. Subsequent to the appointment of the receiver by the District Court of Nueces County, the District Court of Dallas County also appointed a receiver for the Porterfield estate. A dispute arose between the two receivers. This Court held that the appointment of the receiver by the District Court of

Nueces County was void. Gross v. McCallum, District Judge, et al., 123 Texas, 110, 69 S. W. (2d) 46. The receiver appointed by the District Court of Dallas County called upon Britton for the payment of the rents due by him. He claimed that under his contract made with Gilmore he was to do certain work for the estate, for which he was to be paid. No settlement had been made therefor, and he declined to pay the rents. In response to citation, Britton appeared before the District Court of Dallas County and explained his contract with Gilmore to perform certain work, and that he had not paid the rents to the receiver because he had not been paid for the plowing and other labor performed on the Porterfield estate. Because Britton had not turned over to the receiver the rents claimed to be due by him, without a settlement of his claim against the estate, the court found that Britton was in contempt of court.

It is undisputed that Britton was not a party to the litigation in which the receiver was appointed by the District Court of Dallas County. It is also true that the District Court of Nueces County appointed a receiver for the Porterfield lands, and that Britton for the year 1934 held part of this land as a tenant, for the usual one-fourth cotton rental, under a contract with the agent of such receiver. The issue is raised that he had a contract with the agent of the receiver to do certain work, for which he was to be paid. The receiver appointed by the District Court of Dallas County recognized the tenancy of Britton by demanding the rents due by him. The receiver, however, refused to recognize his claim for the work which he claims was performed by him.

Relator admits that during the year 1934 he rented part of the Porterfield land from the agent of the receiver appointed by the District Court of Nueces County, and in his verified application for habeas corpus says that he does not owe the receiver any rents, and that he has filed in the Justice Court in McLennan County a suit against Dillard, the receiver appointed by the District Court of Dallas County, for the amount due for the labor performed by reason of his contract with the receiver. He shows that he has not been on the land since September 1, 1934, and was not on the land when Dillard was appointed receiver.

The petition for writ of habeas corpus alleges, among other things, the following as a basis for the issuance of the writ: (1) That the relator was not a party to the suit filed in Dallas County; (2) that the relator had no notice of the hear-

ing at which the order of commitment was entered; (3) that Britton did not owe any rents to the receiver, T. M. Dillard, or to anyone else, for the land described in plaintiff's petition; (4) that the relator did rent a portion of said land from D. B. Gilmore, and that he paid to Gilmore all the rents which he agreed to pay; (5) that Britton has never entered his appearance before the District Court of Dallas County, and never subjected himself to the jurisdiction of that court; (6) that the plaintiff is attempting to collect an unjust claim under and by virtue of contempt proceedings; (7) that on January 12, 1935, the judge of the 101st Judicial District Court entered an order declaring Britton not guilty of contempt of court, which order was res adjudicata to the issues involved in the order of commitment.

█ The authorities hold that in order to justify the court to fine for contempt three things are necessary: (1) Jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) the authority of the court to render the particular judgment. 9 Tex. Jur., p. 641, and cases cited. Generally speaking, a receiver is an arm of the court. He represents the court and all the parties interested in the litigation wherein he is appointed. Ordinarily, he is appointed to receive and preserve the property involved in the suit, subject to the orders of the court. 36 Tex. Jur., pp. 9, 10, 11; 23 R. C. L., pp. 7, 8. The appointment of a receiver destroys no vested right, nor does it determine any right as between the parties by reason of a pre-existing contract. Those rights remain enforcible. 36 Tex. Jur., pp. 30, 31, and 32, and cases cited. Art. 2297 of Vernon's Annotated Texas Civil Statutes specifically empowers a receiver, "under control of the court * * * to take charge and keep possession of the property" in receivership. By virtue of the order of the appointment, a receiver generally becomes entitled to the possession of the property involved in litigation, and this may embrace demands or liabilities due the defendant. 36 Tex. Jur., p. 87. The right to take possession of the subject matter of the litigation is particularly recognized when the property is in the possession of a party to the suit. The rule is established that a court having jurisdiction of the parties and the res of the litigation has undoubtedly authority to order the surrender of property held by the defendant or any other person who is a party to the suit. 36 Tex. Jur., p. 184. The appointment of a receiver does not give the court power to take property from the possession of a third person who is not a party to the litigation. Nor can a receiver summarily take,

or obtain by summary proceedings, possession of property in possession of a stranger to the proceedings who claims it adversely. 36 Tex. Jur., p. 185.

Britton not being a party to the suit in which the receiver was appointed, the receivership does not extend to him; nor has the receiver filed suit against him for the amount of rents claimed to be due. It appears that Britton has filed suit against the receiver for the amount he claims due him, but as yet it does not appear that this question has been determined. The great weight of authority sustains the general rule that a resort to summary proceedings is not suitable to settle conflicting claims. Ex parte Renfro, 115 Texas, 82, 273 S. W., 813; 36 Tex. Jur., pp. 185, 186, and cases cited; 23 R. C. L., p. 60, and cases cited in the notes; 53 C. J., pp. 116, 117, 118, and cases cited in the notes. While a receiver cannot ordinarily by summary methods take possession of property held adversely by a stranger to a suit, a different rule prevails· where the stranger holds merely as a trustee or agent, and does not claim an adverse interest therein. 23 R. C. L., p. 61. The foregoing rule is not applicable here. Britton is neither trustee nor agent. He rented and occupied the land as a tenant. There is no claim made that he is in possession of any of the land, or that he is interfering with the receiver's management thereof. In short, it appears that he has not accounted to the landowner for the rent. Hence the contempt proceedings. It is not the policy of the law to enforce the collection of mere civil debts by contempt proceedings. Our Constitution provides that "no person shall ever be imprisoned for debt." Sec. 18, Art. 1. See also 13 C. J., p. 12, and authorities cited. This rule does not, of course, have application to criminal proceedings, nor to many other matters the enforcement of which does not come within the well-known meaning of the words "imprisoned for debt." 9 Tex. Jur., pp. 617, 618. From the record it appears that the claim made by the receiver against Britton is in dispute, and it furthermore clearly appears that the Court does not have the power to enforce by summary proceedings a collection of rents claimed to be due the receiver by Britton.

It is clear that the order which relator is alleged to have violated was without authority of law, and was void; and the relator is ordered discharged.

Opinion delivered March 18, 1936.