Tom SEAY, Appellant,

v.

DIVERSIFIED, INC., Appellee.

No. 7393.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 21, 1964.

Rehearing Denied Oct. 19, 1964.

Tom Seay, Amarillo, for appellant.

Neal, Hazlewood & Wolfram, Amarillo, for appellee.

NORTHCUTT, Justice.

This is an action brought by appellant on an itemized verified claim for attorney's fees for $3,500 for legal services performed by appellant for Diversified, Inc., covering a period from July of 1955 through November of 1961. The undisputed evidence shows that shortly after Diversified was incorporated the president of such company informed appellant that the company would, like for him to do all its legal work but that it needed all of the funds that it had on hand, as well as its current income, for the purpose of carrying on its business and expanding its activities, and proposed an arrangement under the terms of which appellant would permit his fees to accumulate and would not bill the corporation until some future date when the corporation's need for capital was not so pressing. In consideration of appellant permitting his fees to accumulate as requested, it was agreed that the corporation would refer a substantial amount of future legal business to appellant, and would not only pay him substantial fees for future legal services but also would eventually issue stock to him for services as general counsel and acting in an advisory capacity during the period in question.

It is further undisputed that the arrangement to let the fees accumulate was discussed on numerous occasions, at least once a year, and such agreement was ratified and confirmed by them during the period here in question. In November of 1961, the matter of appellant's accumulated fees was again discussed by the parties and it was agreed that appellant would be paid from the proceeds from the sale of certain land still owned by the corporation or, if he preferred, the corporation might convey a portion of such land to appellant for services. Before such fees were computed and before such agreement could be consummated, suit was filed for the appointment of a receiver for Diversified, and appellant represented the corporation no further.

A receiver was appointed for Diversified, and appellant prepared an itemized verified account and presented the same to the receiver for payment. The receiver filed with the court his objections to such claim asserting all items except Item No. 27 was barred by the two-year statute of limitations. A hearing was had by the court upon appellant's claim presented to the receiver and judgment was entered declaring all of appellant's claim for legal services

barred except two items amounting to $35. From that judgment appellant perfected this appeal.

Appellant requested the court to make Findings of Fact and Conclusions of Law. The court found appellant's agreement with Diversified did not establish any certain time for payment of attorney's fees for services rendered by appellant and did not determine any ascertainable event upon which payment would be paid; that appellant at any time during the period covered by his account could have and would have been entitled to demand payment of all sums of money then due him by Diversified for legal services rendered; that appellant was negligent in failing to press his claim prior to the expiration of the two-year statute of limitations as to each item of the claim. The court further found as follows:

"Periodically, the president of the corporation requested of claimant permission to defer payment until some unspecified future time when it was hoped that the corporation would prosper in a highly speculative enterprise and in this connection it was represented by the president to the claimant that in such event he would be liberally compensated and would, in addition, receive an unspecified amount of shares of stock in the corporation."

The court concluded as a matter of law that all of appellant's claim except $35 was barred by the two-year statute of limitations; that all the items of appellant's account constituted demand obligations and were due and payable upon demand of appellant; that Diversified was not, by the equities in the case, estopped from pleading the statute of limitations and that Tom Cannon, President of Diversified, had no authority to acknowledge appellant's claim in writing at the time that the letter from him to the receiver was written after the receiver had been appointed and that said letter did not preclude the operation of the statute of limitations.

Appellant presents this appeal upon four points of error as follows: the trial court erred in finding that all of appellant's claim was barred by the two-year statute of limitations except for $35 because such holding was wholly unsupported by the evidence; in finding all of the items in appellant's account constituted demand obligations and were due and payable upon demand of appellant; in finding that Diversified was not, by equities in the case, estopped from pleading the statute of limitations, and in finding that Tom Cannon, President of Diversified, had no authority to acknowledge appellant's claim in writing at the time the letter from him to the receiver was written, said letter being in evidence as appellant's exhibit No. 3 and that said letter did not preclude the operation of the statute of limitations.

We do not consider the letter written by Tom Cannon to the receiver was an attempt to preclude the operation of the statute of limitations but was introduced as confirming the evidence of the appellant as to the agreement of accumulating appellant's fees. Whatever rights the appellant had at the time the receiver was appointed remain enforceable. The appointment of a receiver destroys no vested right nor does it determine any right as between the parties by reason of a preexisting contract. Those rights remain enforceable. Ex Parte Britton, 127 Tex. 85, 92 S.W.2d 224.

It is undisputed that appellant and Diversified entered into an agreement that appellant was to let his fees accumulate to be paid later and this agreement was confirmed and extended and agreed to at least once a year. This could only mean the fees earned one year were to be extended and added to the fees for the following year. This was done for the purpose of assisting Diversified in expanding and in assuring appellant of more fees and stock in the company. There were no misrepresentations on the part of anyone but was purely a contract extending the payment of fees

and has never been denied, contested nor repudiated by Diversified. The receiver is placed in no better position than Diversified to plead the statute of limitations. Although there is nothing in this record to even indicate that Diversified desired to plead limitation but under this record if it should have pleaded the statute of limitation, we are of the opinion it would have been estopped from so pleading. It is stated in Moutos v. San Saba County Peanut Growers Ass'n, Tex.Civ.App., 268 S.W.2d 761 at 765 as follows:

"It is well established that a person by words or conduct, or by both, may estop himself from pleading limitation. Panhandle Const. Co. v. Hood, Tex. Civ.App., 114 S.W.2d 632, error ref.; 28 Tex.Jur., Sec. 149, p. 246. In Mc-Neese v. Page, Tex.Civ.App., 29 S.W. 2d 489, 493, error dism., the Court said: 'In 10 R.C.L. 835, mention is made of situations where estoppel may be urged against the plea of limitation, as follows: Where an agreement is made "that a claim is to abide the issue of a suit on another claim, or any agreement whereby the creditor is lulled into security and thereby delays action, is held to create an estoppel barring the debtor from relying on the statute." ' "

The Supreme Court stated in the case of Kuehne v. Denson, 148 Tex. 54, 219 S.W. 2d 1006 at 1009 as follows:

" 'The purpose of estoppels is to prevent inconsistency and fraud resulting in injustice.' 31 C.J.S., Estoppel, § 1, page 192. Although the case involves only estoppel in pais, Davis, Receiver, v. Allison, 109 Tex. 440, 211 S.W. 980, 984, applies as well to all other estoppels when it declares: 'Estoppel is a doctrine for the prevention of injustice. It is for the protection of those who have been misled by that which upon its face was fair, and whose character as represented parties to the deception will not, in the interest of justice, be heard to deny. But one entitled to its protection must have been misled.' "

See also Hubacek v. Manufacturer's Cas. Ins. Co., Tex.Civ.App., 247 S.W.2d 173 and the cases there cited.

To hold the appellant's claim was barred would certainly be inconsistent with his contract and agreement with Diversified to accumulate his fees and extend them for payment thereof and would result in great injustice and we think under this record Diversified would have been estopped to plead the statute of limitations. Since the receiver was placed in the same position as Diversified, we hold the receiver was estopped to contend this claim was barred. Judgment of the trial court is reversed and rendered in favor of appellant for the sum of $3,500.