**ABILENE SAVINGS ASSOCIATION et al.,
Appellants,**

v.

**Charles RODERICK et al., Appellees.**

**No. 4193.**

Court of Civil Appeals of Texas.

Eastland.

July 28, 1967.

Rehearing Denied Aug. 25, 1967.

George A. Day, Brownwood, W. R. Sessions, Dallas, for appellants.

L. B. Slagle, Brownwood, William W. Bell, Waco, M. Bryan Healer, Levie Old, Gary R. Price, Brownwood, for appellees.

PER CURIAM.

On application of Brownwood Plumbing & Sheet Metal and other lien holders, the court appointed the Honorable A. J. Bell receiver of property in Brown County known as Shamrock Sports Inn. The court also enjoined Abilene Savings Association and Robert A. Jordan, substitute trustee, from selling the property under a deed of trust. Abilene Savings Association, Harry A. Forbess, Lovena Forbess, F. & F. Services and F. & F. Builders have appealed.

Construction of the Sports Inn began in July 1965. Harry A. Forbess put approximately $200,000.00 of his money in this project. Plans and specifications were submitted to Abilene Savings with an application for a loan. On March 17th, 1966, Copano Land Company conveyed the property in dispute to F. & F. Services, Inc., a corporation controlled by Mr. Forbess and his wife. A vendor's lien was reserved in favor of Abilene Savings for $250,000.00 and

it was additionally secured by a deed of trust of even date to C. W. Gill, trustee. The deed contained the following provision:

"—subject to any liens and/or rights to liens caused by acts or omissions of Grantee and/or of any corporation, partnership (including F. & F. Builders), sole proprietorship, and/or other entity in which Grantee and/or Harry A. Forbess has a financial interest, direct or indirect, including any of such parties having caused any improvements to have been made, commenced or contracted for on the above described real property and including without being limited to the claimed liens of Central Texas Iron Works, Brownwood Concrete Company, Texas Concrete Works, Inc., Pecan Valley Electric Company, a partnership, Brownwood Plumbing & Sheet Metal, and any other liens or claimed liens of record in the office of County Clerk, Brown County, Texas upon the above described real property."

The record reveals that the entire consideration recited in the deed from Copano to F. & F. Services was not paid, but that part of it was paid.

On September 29th, 1966 the property was conveyed to Shamrock Shores, Inc., by F. & F. Services. The consideration for that conveyance was that Shamrock was to pay all outstanding obligations, including the one to Abilene Savings.

Article 2293 of Vernon's Ann.Civ.St. authorizes the appointment of a receiver where a corporation is insolvent or in imminent danger of insolvency, and "—on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable—." Forbess testified that F. & F.'s bank balance was "a lot of Zeroes", had no assets and was bankrupt and insolvent. His testimony about Shamrock's assets and liabilities and other facts and circumstances in evidence constitute some evidence of probative force and justified the court's conclusion that it was insolvent or in imminent danger of insolvency.

Appellants contend that the court erred in holding that the appellees owned any interest in the property which would entitle them to a receivership. The court found that appellees "own an interest in said property by virtue of being lien holders against the same."

■ The receiver was not appointed for the benefit of the appellees alone, but for the benefit of all interested parties. Whitson Co. v. Bluff Creek Oil Co., 256 S.W.2d 1012 (Tex.Civ.App.), error dismissed. We are of the opinion that some of the appellees had such an interest in the property as was required by said Article 2293. In the Whitson case, supra, the court said:

"The court may appoint a receiver when two conditions exist: (1) The plaintiff or other party must be shown to have a probable right to or interest in the property or fund; (2) it must be shown that the property or fund is in danger of being lost, removed or materially injured."

The deed from Copano to F. & F. Services of March 17, 1966, in which the vendor's lien and deed of trust were reserved in favor of the Abilene Savings expressly stated that it was subject to any lien or right to liens caused by any entity in which Harry A. Forbess had an interest, including any of the parties "having caused any improvements to have been made, commenced or *contracted for* on the above described real estate and including without being limited to the claimed liens of Central Texas Iron Works—".

In Tomlinson v. Higginbotham Bros. & Co., Tex.Civ.App., 229 S.W.2d 920 (no writ history), the court said:

"The law is well settled that while a building is under construction, any person who takes a mortgage thereon does so with notice of any mechanics' or materialmen's liens. It is his duty to make inquiry as to whether or not labor has been

performed or material furnished within the statutory period for filing liens for which payment has not been made."

On October 11, 1965, Central Texas Iron Works entered into a contract with Harry A. Forbess to furnish some materials for construction of the Shamrock Sports Inn. Pursuant to such contract it furnished materials and filed its affidavit claiming a mechanics' lien. This lien in the amount of $24,100.15 was paid and a release was filed for record on March 24, 1966. Mr. Forbess testified that at the time the transaction with Abilene Savings was closed, Central Texas Iron Works had not delivered all the material he had ordered. He did not know the exact figure but that there was then some money owing to it for materials. When the release of the lien for $24,100.15 was delivered to Abilene Savings, its disbursing agent was notified that Central Texas Iron Works then had some prefabricated but undelivered steel for Mr. Forbess. Central Texas Iron Works' lien dates back and has its inception on October 11, 1965, the date of its contract with Forbess. Such conclusion is supported by Oriental Hotel Co. v. Griffiths (1895), 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765, and The Lubbock National Bank v. Hinkle, Tex.Civ. App., 397 S.W.2d 285 (Error ref. n. r. e.), and cases therein cited. It appears that Central Texas Iron Works has a statutory or a constitutional lien. "The appointment of a receiver destroys no vested right, nor does it determine any right as between the parties by reason of a pre-existing contract. Those rights remain enforceable." Ex parte Britton (1936), 127 Tex. 85, 92 S.W. 2d 224.

At the time Forbess began construction he had a contract with Copano to purchase the land. He did not have a deed. Forbess did not have a copy of his sales contract and did not know whether it was signed by him individually or under the name of F. & F. Services, a corporation, controlled by him and his wife. The record reveals that For-bess did business individually, and in the name of F. & F. Builders and F. & F. Services, corporations controlled by him and his wife. He was also a director in Shamrock Sports Inn. The evidence justifies the following statement from Central Texas Iron Works' brief: "The facts of this case certainly justify the Court in finding that this Appellee dealt with the 'owner', H. A. Forbess, that these corporations were merely outward manifestations of Mr. Forbess, who was their inspiration and soul." Appellants contend that the contract under which the Iron Works claims was not made with the owner of the property, Copano Land Company. This court has answered that question contrary to appellants' contention in the Tomlinson case (supra), where we said:

"Fields Brothers were in possession of the lot at the time plaintiffs began to furnish labor and material. Before the house was completed they acquired title thereto. We believe that Fields Brothers, by virtue of their thereafter acquired title, were 'owners' within the terms of the law. Plaintiffs' lien attached to the after acquired title as if Fields Brothers had been the owners at the time the work was commenced on the building."

The trial court is clothed with broad discretion in granting or refusing a temporary injunction. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460.

We fail to find in the record a sworn written motion for a continuance as required by Rule 251, Texas Rules of Civil Procedure. Also see Coleman v. Banks, Tex.Civ.App., 349 S.W.2d 737 (writ ref. n. r. e.). Therefore, reversible error is not shown to have been committed by refusal to continue the case.

We have considered the entire record and find that the court's conclusion that Shamrock was insolvent or in immi-

nent danger of insolvency is not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

We find no merit in appellants' point that the court erred in ordering the receiver to take possession of the furniture, fixtures and boat docks. In Schumann v. Jenkins, Tex.Civ.App., 40 S.W.2d 214 (writ ref.), the court said:

"A fixture has been defined, in the case of Hutchins v. Masterson, 46 Tex. 551, 26 Am.Rep. 286, as follows:

"'The weight of the modern authorities establishes the doctrine that the true criterion for determining whether a chattel has become an immovable fixture, consists in the united application of the following tests:

"'1st. Has there been a real or constructive annexation of the article in question to the realty?

"'2nd. Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected?

"'3rd. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?—this intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and purpose or use for which the annexation is made.

"'And of these three tests pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence as to this intention.' See Moody v. Aiken, 50 Tex. 65; Willis & Bro. v. Morris, 66 Tex. 628, 1 S.W. 799, 59 Am.Rep. 634."

The only evidence we find about the furniture comes from Mr. Forbess who said "the furniture was going to be on a lease basis."

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.

## ON MOTION FOR REHEARING

We have again considered the record and have concluded that the learned trial court did not abuse his discretion in appointing a receiver and granting a temporary injunction.

The motion for rehearing is overruled.