**LOOMIS CONSTRUCTION COMPANY, Inc.,
Appellant,**

v.

**Anthony MATIJEVICH, d/b/a Matijevich
Floor Covering, Appellee.**

**No. 74.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 7, 1968.

John Eckel, Mills, Shirley, McMicken & Eckel, Galveston, for appellant.

Henry G. Dalehite, Jr., Markwell, Stubbs, Decker, Dalehite & Youngblood, Galveston, for appellee.

TUNKS, Justice.

This is a suit on a sworn account. The defendant in the trial court, appellant here, pleaded the two-year statute of limitations as a defense. The plaintiff, appellee here, by supplemental petition, alleged that because of facts hereinafter set out, the defendant was estopped to assert the defense of limitations. The trial was to the court without a jury. The defendant admitted that the materials and services which were the subject matter of the account were received and that the charges were reasonable. The evidence showed as a matter of law that the plaintiff's petition was filed more than two years after the cause of action on the account accrued. The trial court sustained the position of the plaintiff and rendered judgment for plaintiff for $945.54 on his account and for $375.00 attorney's fees.

This account grew out of a contract to repair storm damage to a building in Galveston, Texas. The appellant had an oral general contract to repair the building and, in turn, entered into an oral subcontract with appellee under the terms of which appellee agreed to do that portion of the repair job which consisted of refinishing the floors. No specific price was fixed by the agreement. Appellee began work in December, 1961. His first statement for materials and services was dated December 12, 1961. The work continued until February 13, 1962, and on February 16, 1962, appellee submitted to appellant his second and final statement. Appellant did not pay the account forthwith and gave as its reason for not doing so the fact that the owner of the building had not paid it. A controversy developed between the appellant and the owner and it became necessary for appellant to file suit against the owner on the contract for repairs.

Appellee made repeated demands on appellant for payment and appellant continued giving the owner's failure to pay it as an excuse for its non-payment of appellee. Appellant also repeatedly told appellee that when it settled its suit against the owner, it would pay appellee out of the proceeds of such settlement.

In the suit against the building owner, the general contractor, appellant, set out as one of the items for which it sought recovery, the floor finishing work which had been done by appellee.

Appellant's suit against the building owner was settled on February 10, 1964. The proceeds of the settlement, however, were not paid directly to appellant. Its cause of action had been assigned to a bank to whom the proceeds of the settlement were paid. The bank paid out of the proceeds the fee and expenses incurred by appellant's attorney in prosecuting the claim and paid the claim of one other sub-contractor who had filed a Mechanic and Materialman's Lien. Appellee did not receive any of the proceeds.

Immediately upon hearing of the settlement of appellant's suit against the owner, appellee referred this claim to his lawyer for collection. His lawyer telephoned appellant's lawyer and was, at first, told that the claim would be paid. Later, in about two weeks, appellee's lawyer was told that the claim would not be paid. That was the first time that appellant had ever told appellee that the debt would not be paid.

Appellee filed his suit in the trial court on August 7, 1964. The record does not show why he waited almost six months after he had been told that his claim would not be paid before he filed suit. In fact, the attorneys for both parties took the position in the trial court that the evidence should be confined to events that occurred before the limitation period had run—that evidence as to events occurring after that date would be irrelevant.

In response to the request of the defendant, the trial court made the following findings of fact:

"* * * 4. Defendant has never raised any objections to the bill submitted to him by Plaintiff and never denied owing the bill until after two years had expired after such labor and material were furnished.

"5. After the work was completed differences arose between Defendant and the owner of the Phi Chi Medical Fraternity House resulting in the filing of a law suit on August 22, 1962, by Defendant against such owner, and in such law suit Defendant included in its claim against the owner the said sum of NINE HUNDRED FORTY FIVE AND 54/100 ($945.54) DOLLARS as the amount it was obligated to pay to Plaintiff.

"6. On many occasions, both before and after the filing of the lawsuit by Defendant against the owner, Plaintiff inquired of GUS LOOMIS, Defendant's President, as to when Plaintiff's bill would be paid, and said GUS LOOMIS

on behalf of Defendant represented to Plaintiff and agreed that Plaintiff's bill would be paid as soon as Defendant was able to settle its differences with the owner of the Phi Chi Medical Fraternity House.

"7. Plaintiff relied on such representations and agreements and waited until Defendant could settle its differences with the owner and if these representations and agreement had not been made, Plaintiff would have filed suit for the collection of his account prior to the expiration of the two year statute of limitations.

"8. The lawsuit filed by Defendant against said Owner was settled on February 10, 1964, resulting in the payment by Owner of the sum of THIRTEEN THOUSAND SEVEN HUNDRED THIRTY FOUR AND 27/100 ($13,-734.27) DOLLARS to the Moody National Bank of Galveston, Texas, to whom Defendant had assigned its claim against the Owner. * * *"

The trial court also concluded as a matter of law that, "Defendant is estopped from pleading or relying upon the defense of limitations."

Appellant's points of error may be classified into two general areas: first, appellant contends that there was no factual or legal basis for the trial court's finding and conclusion that appellant was estopped to assert the defense of limitations. Second, appellant proposes that, if any estoppel ever arose, appellee was not entitled to urge estoppel at the time suit was filed because of the six-month delay after appellant had renounced the debt.

We are of the opinion that the evidence supports the trial court's findings that appellant told appellee that the claim would be paid as soon as appellant's suit against the building owner was settled and that appellee's reliance on that statement was the reason he did not file suit within the two-year limitation period. At one point in the direct testimony of appellee, he testified as follows:

"Question: All right; if Mr. Loomis had not told you this, what would you have done?

"Answer: I would have sued him. I would have put the mechanics' lien like the rest, like Chester Scruggs did.

"Question: You would have sued him if he had told you he wouldn't pay you?

"Answer: Yes, I would. He kept telling me all the time he would pay me, he would pay me as soon as he settled the job."

Again he said:

"Question: Now, Mr. Loomis told you about his differences with the owners of the property, promising he would pay you?

"Answer: Right.

"Question: If he hadn't promised to pay you, what would you have done?

"Answer: I would have sued him."

The evidence showed that it was not unusual in the construction industry in Galveston for the general contractor to wait until he had collected from the owner before paying his subcontractors. The plaintiff had done sub-contract work for the defendant before, and while defendant had sometimes been slow in doing so, it had always paid off on other contracts.

The applicable statute of limitations is Article 5526, Vernon's Ann.Tex.St., which requires that a suit on a debt not evidenced by a contract in writing be commenced within two years after the cause of action shall have accrued. There is no contention here that appellant ever executed any written acknowledgment of appellee's claim so as to make applicable Article 5539, V.A.T.S.

The authorities on the question here involved are exhaustively annotated at 130 A.L.R., pp. 8–67, and 24 A.L.R.2d, pp.

1413–1449. In the latter annotation, at page 1417, this statement is made:

"It is established by the overwhelming weight of authority, as pointed out in the earlier annotation and as indicated in the following cases subsequently thereto, that the equitable doctrine of estoppel in pais may, in a proper case, be applied to prevent a fraudulent or inequitable resort to a statute of limitations, and that a debtor or defendant may, by his representations, promises, or conduct, be estopped to assert the statute, where the other elements of estoppel are present."

Among the many authorities cited as supporting that statement are a number of Texas cases.

One of the situations listed in the above cited annotations as creating an estoppel to plead limitations by the debtor is that situation wherein the debtor and creditor agree that suit shall not be brought by the creditor until other pending litigation is disposed of and, as a result of such agreement, the creditor delays filing his suit until the limitation period has run. At 130 A.L.R., p. 60, it is said:

"Where action is postponed pursuant to an agreement that the suit shall not be brought pending the outcome of other litigation, the debtor is estopped to set up the running of the statute of limitations during the other litigation."

We are of the opinion that that rule of law controls the fact situation involved in this case. The rule has been applied by a Texas court in an opinion directly in point. Moutos v. San Saba County Peanut Growers Ass'n, Tex.Civ.App., 268 S.W.2d 761.

In Seay v. Diversified, Inc., Tex.Civ.App., 382 S.W.2d 518, writ ref., n. r. e., it was held that a debtor was estopped to plead limitations where the creditor had delayed filing suit on his claim at the debtor's request. There, an attorney sued to recover fees for services performed by him over a period of six years. The president of the client, a corporation, requested that the attorney permit his fees to accumulate and not bill the corporation until a later date when the corporation's need for capital was less pressing. The attorney agreed to do so. The agreement was confirmed from year to year. Before paying the attorney the corporation became insolvent and a receiver was appointed. The attorney filed a claim for his fees. The trial court held that substantially all of his claim was barred by the two year statute of limitations. The Court of Civil Appeals held that the receiver, standing in the same position as the corporation, was estopped to contend that the claim was barred by the statute of limitations.

In this case, we are strongly persuaded by the equities in favor of the appellee. That he delivered the materials and rendered the services on which his claim is based is readily admitted. So, too, is the reasonableness of the amount of his claim. In fact, the appellant has recovered, at least indirectly, from the owner, payment for the various materials delivered and services performed by appellee. Appellee's failure to file suit within two years was because he, at the appellant's request, was accommodating appellant. Under those circumstances the denial of appellee's right to a judgment on his claim would be a gross injustice. See H. B. Zachry Co. v. Ceco Steel Products Corp., Tex.Civ.App., 404 S.W.2d 113, writ ref., n. r. e. We consider this a proper case for the application of the equitable doctrine of estoppel.

The inducement which had caused appellee to delay in the filing of his suit ended in the latter part of February, 1964, when appellant, for the first time, said that he did not intend to pay the debt. Appellee still did not file suit on his account until August 7, 1964. The record is silent as to the reason for such delay. Both parties properly took the position in the trial court that evidence as to what happened after the running of the limitation period was irrelevant insofar as the issue of estoppel to plead limitations was concerned. Conduct

or representations of the defendant after the limitation period had run obviously could not have been relied on by plaintiff as an inducement not to file his suit during the limitation period.

However, if there was anything in the plaintiff's delay after the defendant's inducement had been withdrawn that would have constituted a defense to the suit, evidence as to what transpired between the day that defendant renounced the debt and the date plaintiff filed his suit might have been relevant. We are of the opinion that once defendant was estopped from pleading the statute of limitations, he was permanently estopped. The conduct of defendant did not give rise to a new cause of action on which a new limitation period began. It simply estopped him from using as a defense the lapse of the statutory period of limitations that began when plaintiff's cause of action accrued and ended two years thereafter as a defense.

■■■ We are of the opinion that defendant's defense, if any, arising out of plaintiff's delay after the debt was renounced, was the defense of laches. To establish that defense, the defendant would have had to show that the plaintiff's delay in filing the suit was unreasonable and had resulted in detriment to the defendant. City of Fort Worth v. Johnson, (Tex.Sup. Ct.) 388 S.W.2d 400. Furthermore, since laches is an affirmative defense, it was waived by the defendant's failure to plead it. Rule 94, T.R.C.P.

The plaintiff's judgment in the trial court included a recovery of $375.00 as attorney's fees. The trial court made the following finding of fact:

"By reason of defendant's failure to pay plaintiff's account, plaintiff was required to employ attorneys to collect such account and the sum of THREE HUNDRED SEVENTY FIVE AND NO/100 ($375.00) DOLLARS is a reasonable fee for plaintiff's attorney for filing the suit and trying the case, up to the time of the entry of judgment, exclusive of any fees plaintiff may be required to pay his attorney for any work done after the entry of judgment."

The court also recited the following conclusion of law:

"Plaintiff is entitled to recover from defendant a reasonable attorney's fee for services of an attorney in this case, that may be required after the date of entry of judgment in this case."

Appellee prays that the judgment of the trial court be affirmed but that the case be remanded to the trial court for a determination of the issue of reasonable attorney's fees for the appellee for services of an attorney on this appeal, and the entry of an additional judgment in such amount.

■■■ We deny the appellee's request that the case be remanded for entry of an additional judgment representing the attorney's fees incurred in prosecuting this appeal. The appellee had the privilege in the trial court of showing what his future attorney's fees would be and would have been entitled to a judgment covering such fees. By not having offered any evidence as to such future attorney fees and by not procuring a finding and judgment thereon, the appellee has waived any such recovery. Lee v. Universal Life Ins. Co., Tex.Civ. App., 420 S.W.2d 222, writ. ref., n. r. e.; Central States Life Ins. Co. v. Byrnes, Tex. Civ.App., 375 S.W.2d 330, writ ref., n. r. e.; Grimes v. Robitaille, Tex.Civ.App., 288 S.W. 2d 211, writ ref., n. r. e.

The judgment of the trial court is affirmed.