Harry A. GARRISON, Appellant,

v.

Lillian C. GARRISON (Pruitt), Appellee.

No. 12472.

Court of Civil Appeals of Texas, Austin.

Dec. 8, 1976.

Rehearing Denied Jan. 5, 1977.

John W. Benbow, Benbow & Gross, San Antonio, for appellant.

James F. Gardner, William W. Sommers, Gardner, Ferguson & Associates, San Antonio, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a proceeding of contempt which we must dismiss for want of jurisdiction.

A final divorce decree between the parties hereto was entered in May of 1975. The decree awarded Lillian Garrison, appellee, 25 percent of the gross military monthly retirement pay after taxes, together with 25 percent of any increase or decrease of the gross military monthly retirement pay subsequently added to or deducted from the retirement pay of Harry Garrison, appellant, and ordered the appellant to deliver to appellee on a monthly basis, her share of these benefits. Said payments were made retroactive to October, 1974. Appellant failed to pay appellee anything from October, 1974 to October, 1975. It was only after a writ of garnishment had been obtained that he made a lump sum payment to appellee of the arrearage. Then in December of 1975, the trial court heard the motion for contempt brought by the appellee herein due to appellant's refusal to pay her that portion of the benefits due. At the time of this hearing, however, appellant had paid appellee the amount due her and was current in his payments.

In his judgment of contempt, after stating the facts set out above, the trial court found appellant in contempt and ordered appellant: ". . . that with respect to future payments due under the judgment of May 5, 1975, that it is in the interest of the parties and the court that this court have reasonable assurance that the Cross-Respondent Harry A. Garrison will continue to purge himself of his contempt of the

court and comply with the judgment of the court." The court then ordered appellant to execute and to keep in full force and effect with the military authorities an allotment order directing the Department of the Air Force to pay appellee on a monthly basis the 25 percent of his retirement income as outlined above.

Appellant has attacked this judgment by points of error indicating that the trial court exceeded its authority in the contempt proceeding by ordering appellant to execute the abovementioned allotment claiming the said order amounted to an unlawful attempt by the court to amend a final decree of divorce.

The appellant also complains as error that the contempt order was illegal in that appellant was not in contempt at the time of the hearing because, at that time, he was current in his payments. Appellant further contends that the only method open to the trial court enforcing compliance with the divorce decree is: "by a contempt order against appellant predicated upon the terms of the divorce decree under authority contained in Article 1911a, V.A.T.S., and the Appellee's Pleadings."

■ *Ex Parte Britton*, 127 Tex. 85, 92 S.W.2d 224 (1936), holds that a court having jurisdiction of the parties and the *res* of the litigation, has the undoubted authority to order the surrendering of property held by the defendant. *Ex Parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961).

■ Appellant's contention that the powers of the trial court in enforcing its contempt decree are strictly limited to the provision of Article 1911a, V.A.T.S., is untenable, as the power executed here is incident to its jurisdiction to enable it to compel due obedience to its judgments, orders and process. *Ex Parte Gonzalez*, 111 Tex. 399, 238 S.W. 635 (1922). The evidence before the court clearly indicated that appellant's past conduct was a harbinger of future failure on his part to abide by the mandate of the divorce decree.

■ Nor are we impressed by the fact that appellant was current in his payments at the time that the Court heard the proceeding in contempt. The payment of the funds prior to the hearing does not discharge the past contemptuous conduct on the part of the appellant which gave rise to the probability of further contemptuous conduct in the future.

■ It has been the well-settled law of this State since *State v. Thurmond*, 37 Tex. 340 (Tex.1872), that the appellate courts of this State have no jurisdiction to review contempt proceedings and that the only manner in which such a proceeding and judgment can be reviewed is by means of habeas corpus. *Tims v. Tims*, 204 S.W.2d 995 (Tex.Civ.App.1947, writ ref.). Cases [1] cited by appellant to demonstrate that the trial court's judgment in contempt was an attempt to amend its prior divorce decree which had become final are not in point. These cases present a narrow exception to the general rule and are concerned only with a contempt decree modifying or changing a prior divorce decree pertaining to child custody. The courts there were of the opinion that absent appropriate pleadings and proof, the trial court may not extend the scope of contempt proceedings and by its order modify or reform previous orders of the court affecting child custody. In this connection, see *Livingston v. Nealy*, 382 S.W.2d 511 (Tex.Civ.App.1964, writ ref. n. r. e.).

■ It should be added that the record indicates that appellant complied with the order of the court thus purging himself of contempt. This makes the questions on appeal moot.

The appeal is dismissed for want of jurisdiction.

1. *Seber v. Glass*, 258 S.W.2d 122 (Tex.Civ.App. 1953, no writ): *Martin v. Martin*, 519 S.W.2d 900 (Tex.Civ.App.1975, no writ) and 523 S.W.2d 252 (Tex.Civ.App.1975, no writ).