No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 4:14 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 4:14:39 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## Appellant's Emergency Motion To Dissolve The Injunction

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## Appellant's Emergency Motion To Dissolve The Injunction

◆

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Emergency Motion To Dissolve The Injunction,* and respectfully shows unto the Court the following.

The State Of Texas, Appellee herein, filed a motion for contempt and show cause order in Travis County District Court, case no. D-1-GN-24-002560 on May 27, 2025. *Exhibit 1, Plaintiff State Of Texas's Motion For Contempt And Show Cause Order.* Johnny Partain, Appellant herein, advised Texas that when the validity of an injunction is at bar in an appeals court, such as in this above styled and numbered case, the district court has no

jurisdiction over complaints for contempt of an injunction. Texas Government Code §21.001(a), a court only has authority to enforce its lawful orders. In order to justify the court to find for contempt, three things are necessary: (1) Jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) authority of the court to render the particular judgment. *Ex parte Britton, 127 Tex. 85, 92 S.W.2d 224*. When the validity of the court's order is at issue, then the authority goes to the appeals court who is currently reviewing the district court's lawfulness. *Schultz v. Fifth Judicial District Court of Appeals, 810 S.W.2d at 740-41 (Tex. 1991)* states that, "*For appealable orders in the nature of an injunction, in which the validity of the order alleged to have been violated is itself in issue in the appeal, the appellate court alone is vested with jurisdiction to enforce the injunctive provisions by contempt. Ex parte Boniface, 650 S.W.2d 776, 777-78 (Tex.1983); Ex parte Werblud, 536 S.W.2d 542, 544 (Tex. 1976); Ex parte Duncan, 127 Tex. 507, 95 S.W.2d 675 (1936); Ex parte Travis, 123 Tex. 480, 73 S.W.2d 487, 489 (1934).*" *Exhibit 2, Defendant's Response To Texas' Motion For Contempt*. Texas advised Partain that it would be moving forward with a hearing in the district court anyways, setting a hearing on their motion (*Exhibit 3, Order for Hearing*), and forcing Partain to make this emergency motion because the district court lacks jurisdiction and because the injunction that Texas attempts to enforce is facially void. *Exhibit 4, Verification*.

Texas' permanent injunction is not only fatally defective because of the previously briefed abuses of discretion and lack of jurisdiction by the district court, but it is facially void because it doesn't conform to Texas Rules of Civil Procedure 683. In relevant part, rule of civil procedure 683 requires every order granting an injunction to state the reasons for its issuance, be specific in terms, and describe in reasonable detail and not by reference

to the complaint or other document, the act or acts sought to be restrained. *TEX. R. CIV. P. 683; El Tacaso, 356 S.W.3d 744.* A trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory. *See TEX. R. CIV. P. 683 (order "shall be specific in terms"); El Tacaso, 356 S.W.3d 744 (Rule 683 requires the order to state precisely why the applicant would suffer irreparable harm.") (emphasis in original)); Byrd Ranch, Inc. v. Interwest Sav. Ass'n, 717 S.W.2d 452, 454 (Tex. App.-Fort Worth 1986, no writ) (necessary for the trial court to give the reasons why injury will be suffered if the temporary relief is not ordered); cf. In re Office of Attorney Gen., 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding) (per curiam) (temporary restraining orders that did not meet requirements of rule of civil procedure 680 that such orders "define injury they were designed to prevent" and "explain why such injury would be irreparable" were void (citing InterFirst Bank San Felipe v. Paz Const. Co., 715 S.W.2d 640, 641 (Tex. 1986)); see also State v. Cook United, Inc., 464 S.W.2d 105, 106 (Tex. 1971).* To comply with rule 683, a trial court must set out in the injunction order the reasons the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunctive relief is not ordered. *Cook United, Inc., 464 S.W.2d 107 (See Cook United, Inc., 464 S.W.2d at 107 (Calvert, J., concurring) ("The requirement in Rule 683 that the reasons for issuing an injunction be stated in the order could hardly be couched in stronger language. It is mandatory."); see also City of Corpus Christi v. Friends of the Coliseum, 311 S.W.3d 706, 708 (Tex. App.—Corpus Christi-Edinburg 2010, no pet.) ("When a temporary injunction is based in part on a showing that the applicant would suffer irreparable harm if the injunction is not issued, Rule 683 requires the order to state precisely why the applicant would suffer irreparable harm.") (emphasis in original);*

*Shereef Kamel v. Lindsay Zacharko No. 05-24-01048-CV (Appeal from 429th Judicial District Court of Collin County, Mar. 2025).*

The requirements of rule of civil procedure 683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT & T Corp., 24 S.W.3d 334, 337 –5– (Tex. 2000) (per curiam).* Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory. *See Cook United, Inc., 464 S.W.2d 107 (Calvert, J., concurring) ("The requirement in Rule 683 that the reasons for issuing an injunction be stated in the order could hardly be couched in stronger language. It is mandatory.").* If an injunction order fails to comply with the mandatory requirements of rule of civil procedure 683, it is void. *Qwest Commc'ns Corp., 24 S.W.3d at 337.*

Specifically, the trial court's order does not state or explain the probable, imminent, and irreparable harm that Texas will suffer absent an injunction. This is because Texas could not be harmed - see Appellant's Brief in this instant case. *See also El Tacaso, 356 S.W.3d at 747; see also Kotz, 319 S.W.3d at 56; Qwest Commc'ns Corp., 24 S.W.3d at 337; Fasken v. Darby, 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ) (because probable injury subsumes the elements of irreparable injury and no adequate remedy at law, a valid injunction must articulate the reasons why the identified probable injury is an irreparable one for which appellees have no adequate legal remedy).* The district court's permanent injunction order simply recites the conclusory statement that "[will] cause the State imminent, irreparable harm for which there is no other adequate remedy at law" and "Such attempt have caused and will continue to cause the State irreparable harm for which there is no adequate remedy besides a writ of

injunction." Those conclusory statements do not satisfy the rule 683 requirement that an injunction order specify the reasons why the applicant will suffer irreparable harm for which there is no adequate remedy at law. *See AutoNation, Inc. v. Hatfield, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (merely stating that a party "will suffer irreparable harm" or "has no adequate remedy at law" does not meet the rule 683 requirement of specificity). Collins, 261 S.W.3d at 795 (trial court abuses its discretion by issuing temporary injunction order that does not comply with requirements of rule 683); see also Courtlandt Place Historical Found. v. Doerner, 768 S.W.2d 924, 926 (Tex. App.-Houston [1st Dist.] 1989, no writ) (injunction order that fails to comply with requirements of rule of civil procedure 683 is subject to being declared void and dissolved) (citing InterFirst Bank San Felipe, 715 S.W.2d at 641).*

The trial court's permanent injunction order specifically enjoins Partain from enforcing or attempting to enforce his alleged security interest against Texas property, but it provides no nexus between the actions restrained and an irreparable injury to Texas that cannot be adequately compensated. *See Kotz v. Imperial Capital Bank, 319 S.W.3d 54, 56 (Tex. App.-San Antonio 2010, no pet.) (language in temporary injunction order that tenants will suffer irreparable injury "in their possession and use of the Subject Property in the event that the requested injunctive relief is not granted" was not sufficiently detailed to meet the requirements of rule of civil procedure 683, where the trial court failed to set forth underlying facts to support the finding that "irreparable injury in [the tenants'] possession and use of the Subject Property" will occur, making the court's finding conclusory."* Proving probable, imminent, and irreparable harm; and no adequate remedy at law are elements Texas would have had to meet and provide to the court to obtain the temporary [permanent] injunction in the first place. Recording these

mandatory details in the order removes assumptions and ambiguities regarding the scope of the injunction to protect both parties.

Texas now demonstrate why TRCP 683 makes specifics and details necessary by exploiting the district court's generalities, its conclusory statements, through its motion for contempt, not by complaining of an attempted enforcement of a security interest which was illegally enjoined by the court, but by expanding the scope of the permanent injunction and conflating Partain's property with Texas' property, that somehow Texas gained property interests through the district court's permanent injunction. This new expanded action by Texas again violates Partain's due process rights, requiring an emergency finding that *Order Granting Permanent Injunction And Other Relief* is facially void, or Void, and can't be enforced.

Wherefore premises considered, Partain moves the Court to dissolve *Order Granting Permanent Injunction And Other Relief,* and for all other relief in equity and in law he may be entitled.

Respectfully Submitted,

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Ms. Ali Thorburn, Assistant Attorney General Litigation Division, Ali.Thorburn@oag.texas.gov, about the merits of this motion. Ms. Thorburn responded "opposed."

Date: June 20, 2025

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Ms. Ali Thorburn, Assistant Attorney General General Litigation Division, Ali.Thorburn@oag.texas.gov on this June 23, 2025.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102319634
Filing Code Description: Motion for Emergency Relief
Filing Description: Appellants Emergency Motion To Dissolve Injunction
Status as of 6/23/2025 4:19 PM CST

Associated Case Party: Johnny Partain

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 6/23/2025 4:14:39 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | Ali.Thorburn@oag.texas.gov | 6/23/2025 4:14:39 PM | SENT |